UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS J. QUINTAL, SR.<br><br>-against-<br><br>ROBERT MURPHY,<br>DUANE J. MACEACHERN<br>DAVID LENARD | **COMPLAINT** |



**PRELIMINARY STATEMENT**

This is a Civil Rights Action filed pursuant to 28 USC §2000bb regarding the **R.F.R.A.** (Religious Freedom and Restoration Act). This action is being filed by Dennis J. Quintal, Sr. as above as the Department of Corrections, officials named above in the caption have and continue to violate the religious rights of the complaintant.

The plaintiff states that this is not the first time that said individuals have violated his religious freedom regarding items he is allowed to have on his person.

**JURISDICTION**

1. The court has jurisdiction over the plaintiff's claims of violations of Federal Constitutional Rights under 42 USC §§1331(a) and 1343.

**PARTIES**

1. The plaintiff, Dennis J. Quintal, Sr. has and continues to be confined at the Massachusetts Treatment Center during the events described in the complaint.

2. Defendant, Robert Murphy, is and has been the Superintendent of the Massachusetts Treatment Center (hereafter "MTC") during the time of the events disclosed in this complaint.

3. Defendant, Duane J. MacEachern, was and did make determinations regarding the matter of the plaintiff's religious rights during the time of the violations cited herein. Mr. MacEachern is the Deputy Supprintendent of Operations at the MTC.

4. Defendant David Lenard, is the Property Officer at the MTC, and was the issueing party of the Contraband Notice enclosed as exhibit #1.

## FACTS

1. On Feb. 26, 2004, the plaintiff received via the mail, (2) Religious items. (1) being that of the Blue Scapula of the Blessed Virgin of the Immaculate Conception.and, (2) being the medals which are attached to this Scapula with a very small Golden String which symbolizes the Frenchness of the string as the origin of the Scapula and the medals. This particular Blue Scapular is said to be the most powerful Scapular in the world as it represents the purity and strength of cleanliness one can maintain when worn provided that one prays the prayers included, and is a believer.

2. The (2) medals which are part of this Religious Scapular, are (1) a small Cross, and the 2nd is the Medal of Saint Thomas, the bethrowed husband. Both are made of soft aluminum, and can in no way be used as a weapon of any kind in or around this institution or in any other place. Both Religious items, the Scapular, and the medals are worn at the same time, and cannot be disconnected from each other, unless forceably broken apart.

3. These are **SACRET ITEMS which are RELIGIOUS**, and should be handled in accordance with the respect one who is a believer handles such items. If a Scapular is to be discarded, it is to be burned so as to protect it from descration and misuse. This Scapular does not come with directions for disposal, and DOC is not in the habit of allowing Inmate (residents) to properly dispose of such items in accordance with their belief. The plaintifff states that at the present time I have no Religious Medals, Scapulars, and (1) Rosary. All my other Religious items were confiscated by the DOC when I was placed in Isolation when it was reported to the HSU (hospital Services Unit) that I was not out socializing, and this was seen as strange. Others remain in their rooms for days at a time, and are not locked up. I also believe that as a result of this, I suffered what I thought was a heart attack, and was written up for that as well, and punished.

4. I was called to the Inner Perimeter Security Office ("IPS") where the confiscated items were discussed...

-3-

4. On the date preceeding the writing of this complaint, March 2, 2004, I was called to the IPS ("Inner Perimeter Security") where I was met and talked to Officer John Tankavitch, one of the IPS officers. His concern was a letter I had written to the Superintendent regarding missing (stolen) religious items from my property when it had been returned minus any contraband slip, which is protocol for the DOC.

5. During this interview, I disclosed to his attention the fact that I was now being denied more religious items. He inquired as to the facilitator of these items, as DOC has certain places that they allow **STATE INMATES** to purchase things from. As stated previously, I am not a State Inmate serving any time. I am a straight civilly committed resident here at the MTC.

6. I informed Officer Tankavitch that there was no indication as to the facilitator of this Scapular and Medal. The form simply stated that the items were prohibited by **103 CMR 403**. It should be noted that DOC in the past has not been allowed to limit or curtail where religious items are purchased from, as different religions are carried in different places. These particular Religious item(s0 took the plaintiff's mother some three weeks to locate, and they eventually came from a Religious Store in Minnisota.

7. At the conclusion of this meeting/interview, Officer Tankavitch stated to me that he would be returning to me with some sort of reply. I interpreted this interaction as a **GREIVENCE** process, as it was done in the office of the IPS, and notes were taken by this Officer, who will be called as a witness if necessary.

ISSUE I.

### 42 USC § 2000bb

42 USC §2000bb appears after 42 USC §2000h in the United States code, and provides greater protection for CITIZENS religious rights. The court held that "the right of free exercise does not relieve an individual of the obligation to comply with a 'valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion

prescribes (orproscribes). see Employment **Division v. Smith**, 494 US at 879 (citations ommitted); accord., **Church of the Lukumi Babalu Aye v. City of Hialeah**, __US__, 113 S.Ct. 22217(1993. In other words, the court held that the law applied to everybody. Also see **O'Lone v. Estate of Shabazz**, 482 US 342, 107 S.Ct. 2400 (1987), quoting Turner v. Safely, the court held that prison officials may restrict prisoners religious practice as long as the restrictions are "reasonably related to legitimate penological objectives.

Pursuant to 42 USC §2000bb, ("RFRA") which has overturned all previous decisions, the government may not "substantially burden" a persons exercise of religion unless "it demonstrates" that doing so "(1) is in the furtherence of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest. See 42 USC § 42 USC §2000bb-1.

## CLAIMS FOR RELIEF

1. That this Honorable Court appoint counsel for this matter as the ("RFRA") is significantly changed the law and therefore presents difficult legal issues.

2. That this Honorable Court order the immediate return of the plaintiff's religious articles.

3. That the Court award $5,000.00 to the plaintiff from each defendant as they knew or should have known that the religious materials in question before this Honorable Court did not in any way pose any significant threat of harm to the institution or any person therein.

4. For funds for the appointment of counsel.

5. And, any other remedies that this Honorable Court deem just and proper.

DATED March 4, 2004

Dennis J. Quintal, Sr.
30 Administration Rd.
Bridgewater, Ma.
02324-3230

**Massachusetts Department of Correction**
**PROPERTY CONTRABAND NOTIFICATION AND DISPOSAL FORM**

B1
Exhibit #1

Institution: MASS. TREATMENT CENTER

Inmate: DENNIS J QUINTAL    *REMOVAL OF PROPERTY REQUESTED BY INMATE*    Commit # M14575    First Notice Dat 20040226

The following items have been deemed contraband and are not allowed in this fa

| Item | Quantity | Condition | Serial | Seal # | Description |
|---|---|---|---|---|---|
| Other | 1 | | | | 2 religous items. |
| | Total: 1 | | | | |

These articles must be disposed of in accordance with 103 CMR 403.14. Please select a method of dispo

Cost to mail:

I choose to have my propert

[ ] retrieved by a visito    [ ] mailed out to a specified destinati    [ ] disposed of as seen fit by the instituti

Name: _____
Address: _____
City: _____    State: _____    Zip: _____
Telephone _____

Inmate Authorizatio _____    Date: _____

---

**Property Pick-up Acknowledgeme**

Visitor ID [ ] valid state ID /driver's lice   [ ] military ID   [ ] passpo   [ ] Dept. Transitional Assistance (Welfar

I, _____ have received and accept responsibility for all of the items listed on this s

Visitor: _____    Date: _____

Property Office: [signature]    Date: 2-16-04

---

Final Notice: _____

In accordance with 103 CMR 403.14, you are being issued a final notice to have your contraband property items listed above

[ ] No response from Inmate

Date Disposed of _____    Property Office _____