```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

DENNIS J. QUINTAL,            )
          Plaintiff,          )
                              )
     v.                       )   CIVIL ACTION NO.
                              )    04-10529-PBS
                              )
ROBERT J. MURPHY, et al.,     )
          Defendants.         )

### MEMORANDUM AND ORDER

For the reasons stated below, plaintiff is ordered to submit either the $150 filing fee or an application to proceed without prepayment of fees, or this action will be dismissed in 42 days from the date of this Order.

### BACKGROUND

On March 12, 2004, plaintiff Dennis J. Quintal, who is currently confined at the Massachusetts Treatment Center, filed a _pro se_ civil rights complaint alleging violations of certain religious freedoms. Plaintiff did not pay the $150 filing fee for civil actions, nor did he file an application to proceed without prepayment of fees.

### ANALYSIS

I.   Plaintiff Has Filed Neither The Requisite Filing Fee Nor
     An Application To Proceed Without Prepayment of Fees

A litigant filing a civil action in this court must either (1) pay the $150 filing fee, or (2) file an application to proceed without prepayment of the filing fee. See 28

U.S.C. § 1914(a) ($150 filing fee); 28 U.S.C. § 1915(a) (<u>in forma pauperis</u> actions).  In this case, plaintiff has neither paid the filing fee, nor submitted a completed application to proceed without prepayment of the fee.  Accordingly, I grant plaintiff 42 (forty-two) days from the date of this Order to do one of the following:  (1) submit the $150.00 filing fee; or (2) file a complete application to proceed without prepayment of the fees.  Failure to do so within the allotted time will result in dismissal of this action without prejudice.

Plaintiff is also advised that if he is a prisoner, he is subject to the additional restrictions of 28 U.S.C. § 1915.  Along with an application to proceed without prepayment of fees, a prisoner litigant must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).[1]  Moreover, if he is a prisoner litigant, plaintiff is hereby put on notice that even if he files an application to proceed without prepayment of fees, he will nevertheless have to pay the full amount of the filing fee.

---

[1] This statement must be obtained from the "appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).

See 28 U.S.C. § 1915(b)(1)-(2)(prisoners filing civil actions are required to pay the full amount of the filing fee, even when proceeding in forma pauperis).  Based on the information contained in plaintiff's application and any accompanying prison account statement, the Court will issue an order directing the appropriate prison official to withdraw an initial partial payment from plaintiff's account, followed by payments on a continuing monthly basis until the entire $150.00 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(1)-(2).

II. Plaintiff's Complaint Will Be Subject To Preliminary Screening and Dismissal Pursuant To 28 U.S.C. § 1915

Finally, plaintiff is further advised that if he elects to pay the filing fee or submit an application to proceed without prepayment of fees, his complaint will be subject to screening and dismissal pursuant to 28 U.S.C. § 1915(e)(2) (screening of complaints filed in forma pauperis) and/or 28 U.S.C. § 1915A(a)-(b) (screening of prisoner complaints seeking redress from a governmental entity, officer or employee).

Under both Section 1915(e)(2) and Section 1915(A), plaintiff's complaint will be subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary damages

from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2); <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992).  <u>See</u> <u>also</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (dismissal of <u>in</u> <u>forma</u> <u>pauperis</u> complaint is appropriate if the action lacks an arguable basis either in law or in fact).

<u>CONCLUSION</u>

ACCORDINGLY, it is hereby ORDERED that plaintiff is directed to either pay the $150 filing fee or file an application to proceed without prepayment of fees, within 42 (forty-two) days of the date of this Order, or this action will be dismissed without prejudice.

SO ORDERED.

Dated at Boston, Massachusetts, this 23rd day of March, 2004.

             s/ Patti B. Saris
            UNITED STATES DISTRICT JUDGE